Case number 14-1052, United States Department of Homeland Security, U.S. Customs and Border Protection, Scobie, Montana, Petitioner v. Federal Labor Relations Authority. Mr. Penick for the Petitioner, Mr. Jacob for the Respondent, and Mr. Shaw for the Intervener. May it please the Court. Mark Penick with the United States Department of Justice. I represent the Petitioner Department of Homeland Security in this matter. The issue before the Court is, of course, one, whether the Court has jurisdiction to hear this petition. And second, the merits of the authority's construction of the Back Pay Act in such a way that violates the sovereignty of the United States and the appropriations clause of the Constitution. Now, we have a two-fold argument on this jurisdictional point. By the way, am I right under your jurisdictional argument that if you're right, then the Court would always have jurisdiction when the government loses and is ordered to pay back pay, but we would never have jurisdiction when the government wins? Is that true? I think you would always have jurisdiction when the government loses where the authority has awarded back pay. That's what I just said. Yes. It was my question. I haven't quite heard you, Your Honor. Just to make sure I heard you, Your Honor. That was my question. So when back pay is ordered, the Court would have jurisdiction, but when it isn't, we would not. And that is the very nature of sovereign immunity in the appropriations clause itself. The appropriations clause is not implicated where there's been no call upon the public fist, where there is no issue as to whether or not the authority has awarded damages that Congress has not authorized. But Congress has waived sovereign immunity in the Back Pay Act, and presumably it did it for the government to sometimes lose and have to pay back pay. That's part of the waiver of sovereign immunity. This Court held in Social Security Administration that the waiver of sovereign immunity in the Back Pay Act is limited by its terms, and to the extent that the authority goes beyond those terms, there is no waiver. So you have to look at the merits. Under your theory, there would never be a waiver because the government would always argue that a back pay award violated the statute and therefore the government's sovereign immunity. But to the extent that the authority goes beyond that. There would be nothing left of Congress's provision that arbitrator decisions are not subject to the authority. Oh, quite to the contrary, Your Honor. There would be a great deal left. In most cases, the authority would be. Not in a back pay case. Well, in a back pay case, that may be true. There wouldn't be anything left in a back pay case. But most cases that the authority rules upon do not involve questions of back pay. But the Back Pay Act, you're pretty well eating it if you say that it violates the appropriation clause to award back pay. It doesn't if it's authorized by the terms of the Back Pay Act itself. If it's not authorized by the terms of the Back Pay Act, it does. Your argument here is not that the Back Pay Act ab initio doesn't authorize this award. Your argument seems to be that because of the regulation within your agency, it's not authorized. It's both, Your Honor. The authority here undeniably construed the Back Pay Act itself before the Back Pay Act in such a way as to, in our view, to eviscerate the limitations imposed by Congress in the Back Pay Act. And that seems to me something that... Let's back up to the beginning. They construed the Back Pay Act as authorizing the award of back pay. That's where they started. Now, you say that the Back Pay Act doesn't authorize it in this case because your agency's regulation. No, Your Honor, not quite. We're saying it doesn't authorize it in this case because the agency, the authority here, misconstrued the Back Pay Act itself. Why did they misconstrue about the back pay? I thought your argument was that you don't have to pay back pay because your regulation says you have a different remedy for back pay. Well, that's a construction of the Back Pay Act itself because the Back Pay Act, by its terms, says, and I think this is important, that the remedy granted under this section, 5596, shall not exceed that authorized by the applicable law regulation. So you're importing your regulation and saying it doesn't... They can't award back pay against your agency. We didn't import it. The authority did when it based its ruling upon the violation of that regulation. They said because that violation was there, we get to award back pay, but we are not confined, the authority holds, by the limitations contained in that regulation. And in our view, that violation... That regulation is always going to require you to import some regulation rule or applicable law, right? That's the very terms of the statutory language. So when would an award of back pay adverse to the government, against the government, by an arbitrator, not be reviewable under the Back Pay Act? Not every provision or regulation has a limitation embodied within it. I'm assuming you're making some argument as to why you shouldn't have to pay back pay, and that's why there's a case. So what kind of argument would you be making in a case before the FLRA involving back pay, that if you lost that argument, there would still be the barrier to review? In a case where the regulation and issue, such as this one, imposes a limitation on the scope of the remedy, we would argue before the authority that you must obey that limitation. And in doing so, you must give due deference to the... I understand that's what you're arguing here. I'm trying to get some sense from you as to why Judge Tatel's suggestion might not be accurate. And that is, what type of Back Pay Act case before the FLRA, when you're ordered to pay back pay, would not implicate sovereign immunity? Well, every payment from the public fisc involves the appropriations clause. Every award that violates the waiver, the limited waiver here, violates sovereign immunity. So any case where you disagree with the FLRA's decision to award back pay will be reviewable? No, Your Honor, not quite. Every case where we disagree with the agency's or the authority's interpretation of the Back Pay Act. I don't understand what you say is wrong with their interpretation of the Back Pay Act. Well, let me lay it out for you, Your Honor. I've read your brief, I've heard you so far, and it seems to me that they are awarding back pay. You are saying that they can't do it in this case because of your regulation. Your regulation says the way we pay off for back pay is to give the next assignment. Is that... am I right about that? You are, but what Your Honor may have... If that regulation didn't exist, then they could award this back pay. Sure. Okay. So they're not... you're not talking about their construction of their act. You're talking about their application of your regulation. We're talking about how they read that... apply that regulation within the language of before of the Back Pay Act itself. Well, I thought when you... I thought your answer to Judge Sentel's question conceded that you're not raising a statutory question. We are. You answered yes to his question. Well, because the regulation is incorporated by reference. He answered to his question. He asked you whether or not... if there weren't a regulation, would you have a problem? And you said there wouldn't be one. If there was no regulation and there was a violation of... there has to be some regulation of law that... Why does there have to be a regulation? Because the back pay itself imposes an unawarded personnel practice under a law, regulation, or statute that would result in a reduction of pay. If there is an awards back pay for violation of what the pay should have been for awards back pay, it incorporates limitations from regulation. Yes. You would concede... you have conceded that the Back Pay Act by itself here would authorize back pay. Oh, no, Your Honor. I don't concede that. You didn't concede that? No, I don't concede... I'm saying Your Honor's hypothetical, as I understood it at least, was when there was no regulation... You say they have erred here because your regulation has incorporated precludes back pay. But the Act without that allegedly incorporated regulation... Let's go back to 5596B1. It authorizes the back pay where there has been a reduction in pay because of a personnel action. Yes. Now, if that's all we had here, and that's what the authority cites as the basis of its award, then that's fine. We wouldn't be here. That's right. Now, what we go to... What you are saying is because of your regulation, they cannot apply that statute against your agency on these matters. Because of B4 of the Back Pay Act. B4 says there's no award under 5596B1 or anything else under that section because it's a limitation on the entire section. If the regulation that was violated does not authorize it, because the language of the statute is perfectly clear on that. But the problem is even if we accept that reading of B4, the agency policy here is not categorical. It says the remedy of assigning the next opportunity only applies if the deprivation arose from administrative error. And I read your brief to say... And two things. FLRA said, fine, even if you're right on everything else, this was more than administrative error. So the policy limitation doesn't even apply. If that's accurate... That is the reason. So they've held that as an alternative ground. So why isn't that by itself sufficient to foreclose your jurisdictional argument? Because they could reach that conclusion only after committing a fundamental legal error. And the fundamental legal error they committed was the refusal to defer to the agency's interpretation of that regulation. So if that's all we're reviewing at this point, we'll table their other construction of the FLRA. If they say we take your construction of the Back Pay Act and how it applies to this policy, and we now look at this policy and it does not impose any limitation within the meaning of B4 if it's more than administrative error, now you're saying the fight's about what does administrative error in that policy mean, which has nothing to do with the Back Pay Act. Yes, it does, Your Honor, by cross-reference to B4. So every construction of the regulation is then going to be a sovereign immunity violation as well? If they misconstrue, if they don't give enough deference or whatever, your regulation, that's a sovereign immunity violation too? That's the construction of B4, and that's the meaning of the very language in B4 that the limitation imposed by the regulation must be adhered to. But you're just disagreeing about what administrative error means. Well, more fundamental than that, Your Honor, we're disagreeing with the authorities' refusal to apply the Supreme Court's decision. So what if their determination turned on a fact dispute? You guys said, you know, it was just some misfiled papers, we had the wrong phone number, couldn't find the guy, it was an administrative error. And they go, uh-uh-uh, the other side argues that you have a longstanding policy of never, always having these mistakes whenever the officer is a minority. And so it's a fact dispute about whether this was an administrative error, oops, we couldn't find the phone number, or this, in fact, is a pattern and practice, I'm not suggesting that's what happened here, by the way, this is hypothetical, obviously. This is a pattern and practice of always having mistakes when someone's a minority. So it's a pure fact dispute about whether this was administrative error or not. No interpretive question. Does that violate sovereign immunity if they disagree with your facts? It is a wrong interpretation of that provision, legally wrong. Remember, this is not a factual dispute. I'm just asking you a very narrow question. If they disagree with your factual argument and on that basis say the policy doesn't limit it. Your Honor, this is not a factual inquiry. You can see that I am asking the hypothetical, so that would have nothing to do with. I mean, this is a hypothetical, Your Honor, because the interpretation of the policy is not a factual inquiry. You don't get to, because if I'm asking you what happens jurisdictionally in a case where the dispute is only factual. Well, there's probably no legal error here that we could bring to the Court's attention. And there'd be no sovereign immunity problem, even though you would fervently believe money was being paid that shouldn't have been paid. Well, yes. Okay, and then so when it's a fine line between application of facts to law and deciding whether something is on this side or that side of the administrative error line, it suddenly becomes a constitutional question? Your Honor, it never gets there in this case, because it's a legal question, purely a legal question, an interpretation of a legal policy. It's not on their alternative ground that this was not administrative error. That's not a legal question. Yes, it is, Your Honor, because it's an interpretation of a legal document. It's necessarily an application of law to facts question. There's no disputes on the facts of this case. No one is disputing what the Chief Officer did. No one is disputing. It's a matter of whether or not that constitutes a legal error, and that's a legal conclusion. That's nothing other than a legal conclusion. I see my time has expired. I would ask the Court to reverse. All right. Good morning, Your Honors. May it please the Court. My name is Fred Jacob. I'm a solicitor at the Federal Labor Relations Authority, and with me are Zachary Hennigy and Stephanie Sverdrup-Stone. Together, we ask this Court to dismiss the petition for review. As Your Honors have discussed, the agency puts no limiting principle whatsoever on its proposal that arbitration cases Well, what is yours? What if the agency, and again, just thinking hypothetically for now, just completely misconstrued this part of the Back Pay Act and said it only applies in February? Something crazy, totally wrong as a legal matter interpretation of the Back Pay Act. How would that get reviewed? That would get reviewed the way this Court said it should be reviewed in Griffith. We believe Griffith struck the proper balance. So that would be a suit under Liedem v. Kine that could be brought in the district court. Well, but we've got more recent precedent. How is that going to satisfy? Is it the Nant case? We've got more recent precedent that says multiple factors for having a Liedem v. Kine, one of which is that there's an implicit, not explicit, limitation on jurisdiction, which I don't know how you'd get past that. Well, certainly, I mean, there is an explicit limitation on jurisdiction. Right. So how are we going to have a Liedem v. Kine suit to address that legal problem? Well, I assume you're speaking about the Department of Justice case is the one. I'm just asking you how. You said that there's going to be a Liedem. They have a crazy, wrong interpretation of the Back Pay Act that can bring suit under Liedem v. Kine. And I said, I'm not so sure about that given the explicit review. And you agreed. So it seems to me that kills the Liedem v. Kine theory. So then how do we get that legal error reviewed? Well, Your Honor, I wouldn't necessarily concede that that would necessarily kill the Liedem v. Kine theory. That is what the court said would be the appropriate, in Griffith, said would be the appropriate avenue. I mean, obviously, there is an explicit review. for the arbitration cases that they should end at the authority. The court in Department of Justice was dealing with a very different fact situation, was applying, I believe, it was a personnel matter involving supervisors. I guess I'm just back to my question, not to go through the cases, but simply to go, how do you think they could get it reviewed? Because they're and, it's a conjunctive list in the Niant case. And so I'm not sure. I think it's certainly at least a debatable point whether they could bring a Liedem v. Kine. Is it your position, could they just not pay this judgment and raise their statutory construction objections in an unfair labor practice proceeding? Or is it your view that that would be the same arguments would be foreclosed there that are foreclosed here? It's our view that the same arguments would be foreclosed. So they can't do it through an unfair labor practice proceeding. They can't do it under Liedem v. Kine. What do we do? Because then collectively over time, imagine, again, the FLRA, if it just completely had the back pay wrong, act wrong as a matter of law, that would just have to go on in perpetuity? No capacity for review? The Liedem v. Kine issue, certainly, I think we could discuss further. And obviously the Department of Justice does talk about the explicit waiver, which I presume didn't exist at the time of Griffith. But that said, what I would argue is that, yes, it can't be raised in the unfair labor practice proceeding, but there's also been no history of the authority taking these extremes. What is your authority for why it couldn't be raised in an unfair labor practice proceeding? I'm sorry. What is your authority for why it couldn't be raised in an unfair labor practice proceeding? Well, the authority is just that the case law is very clear, that you cannot collaterally attack an arbitration proceeding. Which case? I believe we've cited some cases in our brief, and I can provide that to you afterwards. Because that particular issue wasn't engaged directly in the briefing. But the case law is very clear that you can't collaterally attack an arbitration proceeding on the grounds that could have been raised or were issued in the arbitration proceeding in the unfair labor practice proceeding. Well, it may be that you couldn't raise something new, but they tried to argue it there. They told you that's not what the Back Pay Act says. And you've just completely, hypothetically, completely misconstrued the Back Pay Act in a way that's going to apply again and again and again and result in potentially an enormous expenditure of federal funds. Potentially. I mean, here, obviously, we're talking about one overtime shift. But that said, I mean, that's what this case is about. Because it's one overtime shift. This case is, we're not here. That's correct. But the point being that there are several ways that, first, there are several ways that these issues could receive review. One is that these cases, the Back Pay Act applies in unfair labor practice context as well. And if there is an issue that's arising over and over again, then presumably that would arise in an unfair labor practice case, just as it did in Social Security Administration, which was a Back Pay Act case that arose properly in the unfair labor practice context. Second, what I would suggest is that Congress was fully aware that the authority would be interpreting and applying the Back Pay Act in arbitration cases. And when it passed the Civil Service Reform Act of 1978, it did a whole bunch of things all at once in a single title in that act. It empowered the authority to decide these cases. It empowered arbitrators to decide these cases. It empowered the authority to decide these cases. It amended the Back Pay Act to give the arbitrators and the authority the power to. What happens in private sector labor cases where you have an arbitrator considering a collective bargaining agreement? I take it Congress did not give them similarly unreviewable authority to also adopt interpretations of federal statutes? Well, in the private sector collective bargaining context, it's obviously the law under the NLRA is that the NLRA has the authority to then review the arbitration proceeding to determine whether it was consistent with the NLRA. If the board got a federal statute wrong, for example, someone argued that a federal statute had to limit the terms of the collective bargaining agreement. And the board said, no, that's not how we read that federal statute. It doesn't apply in this context. That would be reviewable by federal courts? Presumably. And there are very limited grounds that federal courts can directly review arbitration cases, labor arbitration in the federal sector, even outside of the question of whether there's an unfair labor practice context in the private sector. Presumably, there may be – and those grounds are very similar to what the authority reviews labor arbitrations in the federal sector, to the grounds under which the authority reviews federal sector labor arbitration. And those are extremely limited. I don't have off the top of my head whether there would be direct review if there was an inconsistent application. I suppose it determines whether – how much of an inconsistent application of federal law in labor arbitration in the private sector, what the grounds for review in federal court are. Again, that issue was not joined specifically in the briefing. But we can provide that to you afterwards. I think my sense is that the question is whether the finding is drawing – is about whether the finding draws its essence from the agreement, whether the parties have waived their rights to pursue certain federal remedies outside of the arbitration agreement. And so there are probably a myriad of factors that would apply to determine whether federal courts would have supervisory jurisdiction over a private sector arbitration. That said, what is clear is that a lot of it turns – and of course a lot of it turns on the Supreme Court's Steelworkers Trilogy, which was very explicit that we have to respect labor arbitration. And Congress imported that trilogy, essentially the principles of that trilogy, that labor arbitration is a fundamental part of the collective bargaining process into the federal sector that allows the parties to resolve their disputes very quickly and in our purpose, for our purposes, get back to the business of government. And then – I'm sorry, go ahead. No, go ahead. Can you tell me why the Back Pay Act applies to this policy at all? Because is it – do you consider it to be a mandatory non-discretionary personnel policy? The Back Pay Act applies because it's an internal agency regulation. We use sort of lowercase r regulation. Okay. Is there a definition of regulation?  I don't believe the Back Pay Act defines regulation. So the authority has interpreted workplace rules like this to be regulations for the purposes of the Back Pay Act. I don't think the agency has contested that particular finding here. In fact, the agency is only contesting the definition of administrative error, as Your Honor suggested during opposing counsel's presentation. All right, thank you. You gave a couple of minutes to the intervener. And I apologize for cutting you from my time. Thank you, Your Honor. Your Honor, may I have one moment? Yes, sure. I'm sorry, I'm long gone. No, I'm sorry, we're going to hear from the intervener. May it please the Court. Good morning. Barr Schauffer, intervener, National Treasury Employees Union. With me at counsel's table is Larry Atkins, Deputy General Counsel. I'd like to cover three points during my time today. The Section 7123 jurisdictional issue, CBP's interpretation of the Back Pay Act, and last, the administrative error issue that's been discussed today. Our position is this case should begin and end with the plain language of 7123, which clearly and explicitly forecloses review of this type of action. What's the answer when you have just completely erroneous legal error in interpreting the Back Pay Act that everyone could look at, excuse me, and go that's not what it means? How would that get reviewed? Would it go through an unfair labor practice proceeding or what? Well, there are a few options. There was the leader of the economy discussion that just occurred. But at bottom, Congress presumably was aware of the risk of foreclosing judicial review of these types of actions. And one of those risks would be that a potentially erroneous Back Pay Act ruling could stand. That was the decision that Congress made, and it made it for two reasons. One was the strong congressional policy favoring arbitration of labor disputes, and the second was the accordance of substantial finality to those arbitration results. So just to be clear, because you said there would be lots of ways, but then the only one you said was the Liedenbruch's kind one. There is actually no review if they completely get the Back Pay Act wrong? No, we believe the only possibility for review within the courts if that would happen would be under Liedenbruch's kind. Are you familiar with the status of the law in the private sector with reference to the reviewability of arbitration decisions in labor? The line of questioning that was pursued with reference to that. Sure, yeah. Are you familiar with the status of the law in that subject? I'm not, Your Honor. Okay, so never mind. I guess it's not fair to ask you any further about it then. Even assuming jurisdiction lies here, looking at CBP's interpretation of the Back Pay Act, it is simply not tenable. It reads back pay out of the Back Pay Act. Subsection B-1 of the Back Pay Act effectuates the purpose of the act, the sole purpose of the act, which is to provide an avenue for back pay where the back pay act's requirements are satisfied. There is no dispute here that there was an unwarranted or unjustified personnel action that led to a lost overtime shift that, in turn, led to a loss of pay. CBP's interpretation would allow an agency to nullify the congressional waiver of sovereign immunity embodied in the Back Pay Act through an internal issue. It's an internal overtime policy. And that simply can't be right. Isn't that exactly what B-4 says? It says if the applicable regulation, and if the FLRA tells me this is a regulation and no one disputes that, if the regulation here instead of said another chance said but payment for a missed overtime will be capped at $1.25 of salary rather than the ordinary back pay amount, you're saying that wouldn't fall within the square language of B-4? The violation of the policy gives rise to the Back Pay Act entitlement. But Subsection B-1 governs that entitlement. It clearly says the affected employee is entitled to the pay he normally would have earned. But B-4 pretty clearly says that the pay you get cannot exceed that authorized by the applicable regulation, if this is a regulation. If, in my hypothetical, the regulation just set a limitation on the dollar amount, what else would Congress have meant? And the way we interpret that clause is this, that in calculating the recovery, in calculating what the employee normally would have earned under B-1, that calculation must be consistent with applicable statutes and regulations implementing those statutes. While B-4 also mentions rules and collective bargaining agreements, those authorities cannot provide for a lesser or different recovery than, say, 75. So you're saying applicable law rule regulations in B-4 means something different than what it means in B-1? We're saying that the way it is used, read in context in B-4, it simply makes clear that the way recovery is calculated under B-1 is simply consistent with the law, consistent with statute, consistent with regulation. Again, it mentions other authorities like rules and collective bargaining agreements, but you can't in a CBA, for example, provide for a different rate of pay than Title V would provide, for example. Okay, thank you. Did Mr. Panek have any time left? He had none? You can take one minute, Mr. Panek. Thank you, Governor. I'd like to pick up on Judge Millett's hypothetical of a totally outrageous back pay award that utterly and clearly violates the Back Pay Act. And if the authority is right, there is no judicial review of that ever. Do you know if there would be in the private sector? The private sector doesn't have the Back Pay Act or some of the regulations. I know that, but they do have arbitration, and they do have great limitation on the reviewability of the arbitration. Yes, but the arbitrary gets controlling deference with respect to its interpretation of collective bargaining agreement. It doesn't get controlling deference with respect to a federal statute that involves questions of sovereignty. Are you sure of that? Yes, Your Honor. Do you have any citations for that? Not often. If it comes within the grant of the arbitration agreement to make that determination, then it is unreviewable in the private sector. I had not anticipated that coming up, and I haven't reviewed it, but it's a very narrow review. Your Honor, this is not a collective bargaining agreement. The policy is not a collective bargaining agreement. I know that, Your Honor. You really think I don't know that? Well, I just want to make a point. Going back to your question, it's horrible. I mean, why would that be such a surprising result? I mean, Congress waived sovereign immunity when it passed the Act, and it provided for no judicial review. Don't you think Congress made a judgment that, yeah, maybe there will be some bad awards here, but we don't really care? Well, I think that — We want to honor the arbitration system. Well, then the question then becomes whether — Isn't that right? What's the matter with that? Because it's — Don't just — that's my question. Why would that be inconsistent with what seems to be — Because it violates the appropriations clause. There's no such thing as a minor violation of the appropriations clause or a minor — Congress, cover the other agencies that don't have your regulation. If they award back pay against them, that violates the appropriations clause? If they don't have our regulation, then they don't have the same issue. But wait, what if Congress — Whoa, whoa, whoa, whoa, whoa, whoa. The regulation, is that what creates the appropriations clause problem? Your regulation? No, in fact — I thought you were saying that awarding this back pay violates the appropriations act. Your Honor, the Back Pay Act incorporates regulation by reference. Forget that for a moment. Forget that for a moment. I can't forget that. I know that's your theory, but just forget that for a moment. How is there a violation of the appropriations rule if Congress says you can award back pay? How is that an appropriations act violation? Because the waiver of sovereign immunity is limited. The right to hit the public fisc is limited by the very scope of the waiver itself. Okay, now we get that far. Then we get to the question I asked you a moment ago. Some other agency that doesn't have your regulation, when they award back pay with reference to them, that's not a violation of the appropriations. If I understand your honors hypothetically correctly, if it didn't have a limitation in the regulation, then no, they don't have the same issue. So your real quarrel is with the interpretation of the statute, not that it's a violation of appropriations. Oh, but the statute itself is a limitation on the right to hit the public fisc. Hypothesize this. An outrageous award by the authority. They then seek to enforce that award upon refusal of the agency to pay it. By coming to this court, seeking a, as you're entitled to do, unfair labor practice charge, can this court say, pay the money, we don't care how outrageous it is? Well, what if Congress passed a statute that was written this way? Here's a back pay act, and it authorizes back pay on these exact same terms. And determinations will be made by arbitrators under the FLRA with no judicial review. That certainly doesn't violate the appropriations clause for Congress to pass that statute. This court held in Krupa that questions of constitutional law are. Put aside constitutional law. You don't have a constitutional claim here. Would it be a violation of the appropriations clause if Congress itself has set up the procedural mechanism for enforcing the statute? Yes. It becomes circular at that point. Because the point on this is that Congress sets limits on what can be drawn from the public fisc. But it also decides who gets to decide what those limits mean. And it said, knowing what it did, that here's a limit. And when they get it wrong, that's our choice. Fundamentally, we do not believe that 7123 can be reasonably construed to bar judicial review of that appropriations clause constitutional question, just as it was not reasonably construed to bar the due process clause issue and Griffith itself. Anything else? No. Okay. Thank you.
judges: Tatel, Millett, Sentelle